UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JENNIFER PADILLA,

                Plaintiff,

v.

CITY OF NEW YORK, Police Officer JONATHAN S. BOURNE, Shield No. 18854; Sergeant GEORGE TAYLOR; JOHN and JANE DOE 1-10,

                Defendants.

**SECOND AMENDED COMPLAINT**

19 CV 3703 (DLI) (RER)

**Jury Trial Demanded**

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## NOTICE OF CLAIM

6. Within ninety days after the claim alleged in this complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

7. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

8. A § 50-h hearing was held and Ms. Padilla provided testimony on February 4, 2019.

9. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## JURY DEMAND

10. Plaintiff demands a trial by jury in this action.

## PARTIES

11. Plaintiff Jennifer Padilla is a resident of Kings County in the City and State of New York.

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision,

promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

13. The individual defendants at all times relevant herein, were officers, employees and agents of the NYPD. The individual defendants are sued in their individual capacities.

14. At all times relevant John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield/tax numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Does 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At approximately 4:30 p.m. on March 27, 2018, Ms. Padilla and her aunt, Jacqueline Santana, were inside of Ms. Santana's vehicle, which was legally parked on Avenue U between 66th and 67th Street in the Mill Basin neighborhood of Brooklyn, New York.

18. Plaintiff was sitting in the passenger seat of the parked vehicle when defendants Bourne and Taylor approached.

19. Without probable cause or reasonable suspicion to believe that Ms. Padilla had committed any crime or offense, the defendants ordered plaintiff out of the vehicle and handcuffed her.

20. Defendants then took Ms. Padilla to the 63rd precinct.

21. Plaintiff, who is diabetic and uses a pump to regulate her insulin level, told the officers at the scene and at the precinct, including the desk sergeant, about her condition.

22. Defendants confiscated plaintiff's medication and refused to allow her to administer herself insulin.

23. While at the precinct, defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff, a passenger in the vehicle, had committed the following crimes: grand larceny in the 4th degree, a felony; criminal possession of stolen property in the 4th degree, also a felony; and unauthorized use of a vehicle.

24. At no point did defendants ever observe Ms. Padilla commit any crime or offense – she was a mere passenger in the vehicle and there was no reason to believe she had knowledge of any illegality concerning it.

25. At approximately midnight on March 28, 2018, Ms. Padilla was taken to Central Booking.

26. Discovering that Ms. Padilla was suffering diabetic complications, a screener at Central Booking ordered that plaintiff be taken back to the 63rd precinct because the individual did not want to be responsible for Ms. Padilla.

27. At approximately 5:25 a.m. on March 28, 2018, on the way to the 63rd precinct, non-party police officers placed plaintiff in handcuffs but failed to seatbelt her.

28. With plaintiff handcuffed and unseatbelted, the police vehicle was then involved in a collision.

29. Ms. Padilla was seriously injured and in pain following the accident.[1]

30. Defendants failed to call an ambulance to the scene following the motor vehicle accident.

31. Defendants failed to obtain *any* medical treatment for Ms. Padilla following the motor vehicle accident.

32. Eventually, another police vehicle arrived at the scene of the accident and took Ms. Padilla to the 63rd precinct. No medical treatment was offered or provided to Ms. Padilla.

---

[1] By agreement between the parties, plaintiff's claims against the City of New York and its employees for physical injuries and deliberate indifference arising from the failure to seatbelt her and the ensuing automobile accident are being litigated in state court. The facts are presented here as background to the claims presented herein.

-6-

33. Defendants took affirmative steps to conceal that the accident had happened and omitted it from the arrest report, which inaccurately noted plaintiff's "physical condition" as "apparently normal."

34. On the morning of March 28, 2018, Ms. Padilla was given her insulin, but was unable to administer her medication without food.

35. Sometime later on March 28, 2018, Ms. Padilla was taken back to Central Booking.

36. At approximately 5:30 p.m. on March 28, 2019, Ms. Padilla was informed that the Kings County District Attorney's Office had declined to prosecute her on the fabricated charges.

37. Ms. Padilla, who was employed by the New York City Department of Education as a paraprofessional, lost time from work as a result of defendants' unlawful conduct.

38. Ms. Padilla suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, damage to her reputation and loss of income.

## FIRST CLAIM
### False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The defendants violated the Fourth and Fourteenth Amendments because they falsely arrested the plaintiff.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law False Imprisonment and False Arrest

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

44. Plaintiff was conscious of her confinement.

45. Plaintiff did not consent to her confinement.

46. Plaintiff's confinement was not otherwise privileged.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### THIRD CLAIM
### Assault and Battery

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct in handcuffing Ms. Padilla the defendants are liable to plaintiff for having assaulted and battered her.

51. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Failure to Intervene

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgement against defendants as follows:

(a) Compensatory damages against all defendants, jointly severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   December 7, 2020
         Brooklyn, New York

ELEFTERAKIS, ELEFTERAKIS & PANEK

Baree N. Fett
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

*Attorneys for plaintiff*